35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nwabueze CLEMENT, Plaintiff-Appellant,
v.
CITY OF DEARBORN; Defendant,
Dearborn Police Department, Defendant-Appellee.
 No. 94-1013.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Nwabueze Clement, a pro se prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1981, 1983, 1985 and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On July 3, 1990, Clement was taken into custody by the United States Immigration and Naturalization Service (INS). Clement was lodged in the Dearborn (Michigan) City Jail from July 3, 1990, until he was released into the custody of the INS on July 10, 1990. Clement then filed a civil rights action seeking monetary relief against the Dearborn City Jail and the Dearborn Police Department. Clement made numerous allegations regarding the conditions of his confinement while he was housed for one week in the City of Dearborn jail including that the defendants failed: 1) to provide clean clothes and linens; 2) to provide a private cell, a bed or a sleeping bag upon which to sleep; 3) to provide adequate medical attention for his scabies; 4) to provide adequate food; 5) to provide recreation; 6) to provide adequate toilet facilities; and 7) to provide a safe and clean living environment. Clement also alleged that the defendant violated his First Amendment right of access to the courts because he was denied access to an adequate law library and an opportunity to consult with his attorney by phone. He alleged that the defendant was involved in a conspiracy to discriminate against minority detainees. He also raised a state law tort claim.
 
 
 3
 A magistrate judge recommended dismissing Clement's case. After de novo review in light of Clement's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 4
 On appeal, Clement's pro se brief is construed as arguing those claims which he raised in the district court, except his claim that he was denied adequate medical care for his scabies. He requests oral argument.
 
 
 5
 Initially, we note that, on appeal, Clement failed to raise his claim that the defendant denied him adequate medical care for his scabies. Because Clement failed to raise this claim on appeal, it is considered abandoned and not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon de novo review, we conclude that the district court properly entered summary judgment in favor of the defendant because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Dismissal was proper because Clement did not allege that some policy, custom or practice attributable to the Dearborn Police Department resulted in the constitutional deprivation. See Pembaur v. City of Cincinnati, 475 U.S. 469, 477-81 (1986); Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691-95 (1978). Clement has not shown that he was subjected to specific deprivations so serious as to deny him the minimal civilized measures of life's necessities and that the defendant was deliberately indifferent to his constitutionally protected needs. Wilson v. Seiter, 501 U.S. 294, 296-303; 111 S.Ct. 2321, 2323-26 (1991). Defendant did not violate Clement's First Amendment right of access to the courts because Clement failed to show that he suffered any actual prejudice as a result of defendant's conduct. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Summary judgment was properly entered on Clement's claims brought under Secs. 1981, 1985, 1986 and his state law tort claim.
 
 
 7
 Accordingly, we deny Clement's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.